IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**REDACTED**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CR-42 |
| v. ) | |
| ) | |
| NELSON A. ADIBE, ) | |
| ) | |
| Defendant. ) | |

**REDACTED**

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### Introduction

1. At all times relevant to this Indictment, Citizens Bank was a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (or "FDIC").

### COUNT ONE

### Scheme and Artifice to Defraud

2. From in or about January 2006 through November 2007, the defendant, Nelson A. Adibe, devised a scheme and artifice to defraud Citizens Bank, a federally insured financial institution, and to obtain funds owned by or under the custody or control of Citizens Bank, by means of false and fraudulent pretenses, representations, and promises.

3. It was part of the scheme and artifice to defraud that the defendant opened a number of checking, savings and credit card accounts ("accounts") at various Citizens Bank branches, in the State and District of Delaware and elsewhere, by using the names and identifying information of other persons ("the victims").

4. In order to open these accounts, the defendant pretended to be the victim and provided

a Citizens Bank representative with a counterfeit driver's license containing the name and other identifying information of the victim. The defendant also provided the Citizens Bank representative with the victim's actual date of birth and Social Security Number.

5. It was further a part of the scheme that the defendant gained access to bank cards and credit cards associated with these Citizens Bank accounts. The defendant then deposited and caused to be deposited fraudulent checks into these accounts. At the time he made the deposits, the defendant knew that these checks were fraudulent, as there were insufficient funds in the accounts on which the checks were written. These deposits fraudulently inflated the apparent balance in the Citizens Bank accounts, which would enable a person to make withdrawals in excess of the actual available funds therein.

6. It was further part of the scheme that once deposits of these checks were credited by Citizens Bank, the defendant then withdrew funds from the respective accounts prior to discovery by bank officials that the deposited checks were worthless and fraudulent. In making these withdrawals, the defendant pretended to be the victims and provided Citizens Bank representatives with counterfeit driver's licenses in the names of the victims.

7. It was further part of the scheme that the defendant used credit cards associated with these accounts to purchase items, prior to the time when the bank became aware of the fraudulent deposits and withdrawals made on the accounts.

8. These accounts that were the victim of fraud in the above-described schemes were accounts in the names of P.H., K.F., K.H., J.V. and B.T.

**Charging Paragraph**

9. From in or about January 2006, through in or about November 2007, in the State and District of Delaware and elsewhere, Nelson A. Adibe, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud Citizens Bank, a federally insured financial institution, as

described more fully in paragraphs 2-8 above, incorporated herein by reference, and in execution of the scheme, on or about May 19, 2007, using a counterfeit driver's license in the name of P.H. and other identifying information of P.H., opened a number of bank accounts in P.H.'s name, including savings account number XXXXXX7602, checking account number XXXXXX0907, credit card account number XXXX-XXXX-XXXX-5792 and a $2,500 line of credit for overdraft protection, knowing that the identifying information he provided to Citizens Bank was fraudulent, all in violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT TWO

10. On or about July 13, 2007, in the State and District of Delaware, having devised and intending to devise the scheme and artifice to defraud described in paragraphs 2-8 above, incorporated herein by reference, Nelson A. Adibe, defendant herein, did knowingly execute and attempt to execute that scheme, in that he provided a Citizens Bank representative with identification information falsely identifying himself as P.H and withdrew $3,900.00 from P.H. savings account number XXXXXX7602, knowing that the identifying information he provided to Citizens Bank was fraudulent, in violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT THREE

11. On or about November 1, 2007, in the State and District of Delaware, having devised and intending to devise the scheme and artifice to defraud described in paragraphs 2-8 above, incorporated herein by reference, Nelson A. Adibe, defendant herein, did knowingly execute and attempt to execute that scheme, in that he deposited a fraudulent check for $9,175.00, drawn on the bank account of B.M.,

into K.F. savings account number XXXXXX1186, knowing the check to be fraudulent, in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

12. On or about May 19, 2007, in the State and District of Delaware, Nelson A. Adibe, defendant herein, did knowingly use, without lawful authority, a means of identification, that is, the name, date of birth and Social Security Number of another person, during and in relation to a violation of Title 18, United States Code, Section 1344, as described in paragraph 9 above, all in violation of Title 18, United States Code, Section 1028A.

## COUNT FIVE

13. On or about May 19, 2007, in the State and District of Delaware, Nelson A. Adibe, defendant herein, willfully, and with the intent to deceive Citizens Bank, and for the purpose of obtaining something of value and for other purposes, to wit, opening bank accounts in the name of P.H. in order to fraudulently obtain funds from those accounts, falsely represented that Social Security account number XXX-XX-8974 was the Social Security number assigned to him by the Commissioner of Social Security when, in fact, that number had been assigned to P.H. and was not the Social Security number assigned to the defendant, in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT SIX

14. On or about July 13, 2007, in the State and District of Delaware, Nelson A. Adibe, defendant herein, knowingly used in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, specifically, the name of P.H., with the intent to commit an unlawful

activity that constitutes a violation of federal law, i.e., bank fraud in violation of Title 18, United States Code, Section 1344, as described in paragraph 10 above, and as a result of the offense, the defendant obtained funds aggregating $1,000 or more during a one-year period, all in violation of Title 18, United States Code, Section 1028(a)(7).

A TRUE BILL:

COLM F. CONNOLLY
United States Attorney

BY: *(signature)*
Christopher J. Burke
Assistant United States Attorney

Dated: March 13, 2008