```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

UNITED STATES OF AMERICA,    :
                             :
         Plaintiff,          :
                             :
     v.                      :  Criminal Action No. 08-42-JJF
                             :
NELSON A. ADIBE,             :
                             :
         Defendant.          :

## MEMORANDUM ORDER

Presently before the Court is the Government's Motion in Limine. (D.I. 25) Specifically, the Government seeks to clarify: 1) whether 18 U.S.C. § 1028A(a)(1) requires proof, as an element of the offense of aggravated identity theft, that the Defendant knew that the means of identification he used actually belonged to another person; and 2) whether certain Citizens Bank records relating to the victim bank accounts are admissible at trial.

### 1. Aggravated Identity Theft

18 U.S.C. § 1028A outlines the crime of "Aggravated Identity Theft" and provides a mandatory two year term of imprisonment for any person who:

> during and in relation to any felony violation enumerated in subsection (c), <u>knowingly</u> transfers, possesses, or uses, without lawful authority, a means of identification of another person.

18 U.S.C. § 1028A(a)(1) (emphasis added).

The parties agree that the plain language of the statute requires the Government to prove that: 1) the Defendant knew that

he transferred, possessed, or used, without lawful authority, a means of identification; and 2) the means of identification belonged to another person. The issue before the Court is whether the Government must also prove that the Defendant **knew** that the means of identification belonged to another person. The Government contends that it does not need to prove this last element, because the adverb "knowingly" only modifies the verbs ("transfers, possesses, or uses") that immediately follow it in the statute. Defendant contends that the adverb "knowingly" also modifies the direct object of the sentence, ("a means of identification of another person") therefore requiring proof of this last element. Recently in **Flores-Figueroa v. United States**, the United States Supreme Court resolved this issue holding that the Government must prove a defendant knew that the "means of identification" belonged to another person. 129 S. Ct. 1886, 1894 (2009). Accordingly, the Government's Motion In Limine (D.I. 25) to limit the elements requiring proof at trial is **DENIED**.

**2. Admissibility of Certain Bank Records**

The Government seeks to admit at trial certain documents obtained from Citizens Bank. Among these documents are printouts of Citizens Bank computer files relating to the various accounts that Defendant opened. These documents include records listing the identifying information that was provided by Defendant when he opened each set of accounts, along with notes written by the Citizens Bank representative as to what actions that representative

2

took during the account opening process and what Defendant did or said during that process.  The documents also include records containing "Comments" by Citizens Bank representatives, with notations indicating, 1) that the representative asked Defendant for a photo ID and listing the type of ID provided by Defendant, and 2) that the representative submitted an Equifax credit check request.

Defendant objects to the notes and comments by Citizens Bank representatives as hearsay.  Defendant also objects to the documentation of what Defendant said during the account opening process as double hearsay.  Defendant contends that, in order for these documents to be admitted into evidence, the Government must call the Citizens Bank representatives themselves to testify at trial, so Defendant may cross examine them.  The Government contends that these records meet the business records exception to the hearsay rule.  F.R.E. 803(6).  Therefore, the Government seeks to establish foundation for the admissibility of these documents by only calling "a fraud investigator or similar bank employee" familiar with the ordinary documentation procedures at Citizens Bank.

Rule 802 of the Federal Rules of Evidence provides that "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by an Act of Congress."  An exception to the

general rule precluding the admission of hearsay evidence is provided for in Rule 803(6), which allows for the admissibility of business records. In order to admit a document under the business records exception to the hearsay rule, the party seeking admission must lay a foundation through the testimony of a "custodian" or other "qualified witness" that: 1) the declarant in the records had knowledge to make accurate statements; 2) the record was made at the time of the event recorded; 3) it was the regular practice of the business to make the record; and 4) the record was kept in the regular course of business. United States v. Console, 13 F.3d 641, 657 (3d Cir. 1993).

In this case, Defendant alleges that, in some instances, the Citizens Bank representative might not have followed ordinary Citizens Bank procedures when documenting and activating the accounts, thereby making the business records exception inapplicable. Specifically, Defendant contends that "[t]he bank employee was engaging in a sales transaction," and, in an effort to substantiate the sale, "[h]e or she had every reason to overstate the accuracy of the information supplied by the defendant and to understate its inaccuracy." (D.I. 26.)

Of the four requirements needed to establish a foundation for the admission of a business record, the Court finds that the Government easily met its burden with regard to three of the four proofs. However, without hearing the Government's witness, the

4

Court is unable to determine if the witness can establish that "it was the regular practice of the business to make the record."  In this regard, the Government would need to show that the entry of handwriting by the Citizens bank employees was the routine practice when performing their duties.

Thus, the Court will permit the Government and Defendant time on September 17, the first day of trial, to present evidence on this requirement, and therefore, a decision in Defendant's Motion In Limine (D.I. 25) is **RESERVED**.

September 3, 2009
DATE

Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE