IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-42-JJF |
| NELSON A. ADIBE, | : |
| Defendant. | : |

### MEMORANDUM ORDER

Presently before the Court is the Government's Motion in Limine. (D.I. 25.) By Memorandum Order dated September 3, 2009 (D.I. 38), the Court denied the Motion in Limine with respect to the Government's request to limit the elements requiring proof of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). In light of the Supreme Court's decision in U.S. v. Flores-Figueroa, 129 S. Ct. 1886 (2009), the Court held that the Government would be required to prove that Defendant knew that the means of identification belonged to another person. (Id. at 2.)

By its Motion in Limine, the Government also sought to admit various Citizen's Bank records at trial, including records listing the identifying information that was provided by Defendant when he opened each set of accounts, and screen shots containing notes and comments made by bank representatives while opening the accounts in the victims' names. (D.I. 25, at 12-13.) The Government contended these records were admissible as business records under Rule 803(6) of the Federal Rules of

Evidence. (Id. at 13-14.) Defendant objected, contending that in some instances, the bank representatives might not have followed ordinary Citizen's Bank procedures when documenting and activating the accounts, thus making the business records exception inapplicable. (D.I. 26, at 10-11.) The Court held that three of the four requirements needed to establish a foundation for the admission of a business record were met. (D.I. 38, at 4.) However, without hearing the Government's witness, the Court was unable to determine if the Government could establish that "it was the regular practice of the business to make the record." (Id. at 4-5.)

Upon hearing the testimony of Marie Sweeney at trial, the Court now concludes that the Government has shown that the entry of notes and comments by Citizen's Bank representatives was the routine practice when performing their duties, and accordingly, all requirements for the business records exception to the hearsay rule have been met. Ms. Sweeney testified that, when opening accounts, Citizen's Bank representatives enter a customer's identifying information into a computer system called Touch Point. (D.I. 44, Tr. at 109-10.) She testified that the "Comments" box in Touch Point is automatically populated when the representative enters information about the identification obtained. (Tr. at 126-27.) She further stated that comments directing the bank representative to obtain additional forms of

identification are automatically populated after the Equifax credit check is run. (Tr. at 129.) In addition, she testified that the "Notes" tab is used by a bank representative after making additional efforts to verify a customer's identification. (See Tr. at 132, 137-38.)

The Court also notes that when the Government moved Exhibits 1 through 111 into evidence at trial, counsel for Defendant stated, "I guess I don't have a hearsay objection to these documents coming in." (Tr. at 28.) Defendant's counsel did not specifically object to the use of the Citizen's Bank records during trial, nor did Defendant's counsel make any hearsay objection with respect to these records in his post-trial letter.

NOW THEREFORE, IT IS HEREBY ORDERED that the Government's Motion in Limine (D.I. 25) is **DENIED IN PART** and **GRANTED IN PART**. With respect to limiting the elements requiring proof of aggravated identity theft under 18 U.S.C. § 1028A(a)(1), the Motion is **DENIED**. With respect to the admission of Citizen's Bank records relating to the victim bank accounts, the Motion is **GRANTED**.

March 30, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE

3